E-FILED
Friday, 13 January, 2006  01:20:26 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

```
DAVID B. COULTAS,              )
                               )
        Petitioner,             )
                               )
    v.                         )      Case No. 06-1003
                               )
DON HULICK, WARDEN,            )
                               )
        Respondent.            )
```

## **O R D E R**

Before the Court is David B. Coultas's Petition for Writ of Habeas Corpus by a Person in State Custody [Doc. # 1].  For the reasons that follow the Petition will be denied.

In 1995, Petitioner was convicted of four counts of aggravated criminal sexual assault.  On March 28, 1997, the Illinois Appellate Court denied his appeal.  The Illinois Supreme Court denied his petition for leave to appeal on June 4, 1997.  Petitioner's state postconviction petition was denied by the trial court on January 26, 1998.  His appeal of that order was denied on May 14, 1999.  The instant Petition was filed on November 30, 2005 in the Springfield Division.  The case was later transferred to the Peoria Division because Petitioner is incarcerated in Canton, Illinois.

28 U.S.C. §2244(d) provides:

(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
  (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C)_ the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

This one-year limitation period applies to habeas petitions filed after April 24, 1996, which is "the beginning of [the] year to seek federal collateral review" for state petitioners whose convictions became final prior to the date. <u>Fernandez v. Sternes</u>, 227 F. 3d 977, 978 (7th Cir. 2000).

Over five years have passed since the last action in Petitioner's state postconviction proceedings. Therefore, the present petition is untimely.

IT IS THEREFORE ORDERED that Petitioner's Petition for Writ of Habeas Corpus by a Person in State Custody [Doc. # 1] is DENIED as untimely.

CASE TERMINATED.

Entered this   12th    day of January, 2006.

s/ Joe B. McDade
JOE BILLY McDADE
United States District Judge
